IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD LESLEY AMES, JR.                                                                    PLAINTIFF

v.                           Civil No. 5:23-cv-05167-TLB-CDC

FORMER OFFICER JAMES SHARP, Benton
County Detention Center; and SHERIFF SHAWN
HOLLOWAY, Benton County, Arkansas                                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff has filed this civil rights action under 42 U.S.C. § 1983 against Former Officer James Sharp and Sheriff Shawn Holloway. Plaintiff is being detained at the Benton County Detention Center (BCDC). Plaintiff is proceeding *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 7) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

According to the allegations of the Amended Complaint (ECF No. 7), between May and October of 2016, Plaintiff was working as a trustee at the BCDC. *Id.* at 4. Plaintiff maintains that Defendant Sharp tazed Plaintiff and two other inmates for no reason. *Id.* Plaintiff says Defendant Sharp laughed and thought his actions were justified because he was supplying the inmates with tobacco. *Id.* at 5.

1

Plaintiff alleges that Defendant Holloway as commander of the BCDC is "responsible for his officers['] actions." (ECF No. 7 at 5). Plaintiff also believes Defendant Holloway should have brought criminal charges against Defendant Sharp. *Id.*

Plaintiff indicates the physical injuries he suffered were minor. (ECF No. 7 at 5). However, Plaintiff maintains his mental suffering was a contributing factor to the PTSD he has been diagnosed with. *Id.* When asked to describe the custom, policy, or widespread practice that he believed caused the violation of his constitutional rights, Plaintiff responded that the officers "apparently lack training for the weapons they carry." *Id.*

Plaintiff then attempts to assert as a claim against his parole officer, her supervisor, a friend of his parole officer, and another parole officer. These claims were previously severed from this case. (ECF No. 6). The claims are the subject of another case and may not be asserted here. *See Ames v. Ennis, et al.,* Civil No. 5:23-cv-05171-TLB-CDC.

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

In this case, a threshold issue is whether Plaintiff's claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations found in Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014). It is the standard rule that a claim accrues when the plaintiff has a complete and present cause of action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up); *see also Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("accrual occurs when the plaintiff can file suit and obtain relief").

According to the allegations of the Amended Complaint, the actions Plaintiff complains

of occurred in 2016. Clearly, the claims are barred by the three-year statute of limitations. No plausible claims are stated.

### IV.   CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 8th day of November 2023.

*s/ Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE